## 36617. MAYOR & COUNCIL, CITY OF HAPEVILLE v. ANDERSON et al.

CLARKE, Justice.

Plaintiffs applied for a "consumption on the premises" license for the sale of alcoholic beverages in the City of Hapeville on November 9, 1977. The application was denied by the Mayor and Council based upon the Code of Ordinances of the City of Hapeville, Section 3-26(d), as it existed at that time. That section limited the number of such licenses to the extent that when licenses issued numbered more than one for each one thousand persons residing in the City of Hapeville, no further licenses should be permitted. The section further provided that if such a licensee should go out of business and the number of such licenses in effect exceeded one for every one thousand persons residing in the City of Hapeville, such license might not continue. Plaintiffs' petition for writ of mandamus came before the Superior Court of Fulton County for hearing on cross motions for summary judgment. Counsel stipulated that there were no material questions of fact. The trial court found that the ordinance is not susceptible to interpretation ". . . in that there is no precise standard as to how the population of Hapeville can be measured. Further, the Court finds that the language 'more than one for each one thousand (1,000) persons' is susceptible to more than one reasonable interpretation and, thus, is void for vagueness and cannot pass Constitutional muster." The court accordingly found the ordinance as it existed from September 20, 1974, until August 31, 1978, unconstitutional and void for vagueness. The trial court ordered plaintiffs' petition for writ of mandamus granted.

Defendants Mayor and City Council of the City of Hapeville appeal to this court from the trial court ruling. The sole issue before us on appeal is whether the trial court erred in declaring the ordinance so vague as to be void.

"It is firmly established . . . that the state has the right to regulate or prohibit traffic in intoxicating liquor in the valid exercise of its police power . . ." Hornsby v. Allen, 326 F2d 605, 609 (5th Cir. 1964); California v. La Rue, 409 U. S. 109 (93 SC 390, 34 LE2d 342) (1972); Sandbach v. City of Valdosta, 526 F2d 1259 (5th Cir. 1976). However, the power to regulate this activity does not exempt the state from the operation of the Fourteenth Amendment. Hornsby v. Allen, supra. The due process requirement of the Fourteenth Amendment mandates that objective standards be set out to afford notice to applicants of requirements for obtaining a license. Hornsby v. Allen, supra. The basic question is, therefore, whether the standards set forth in the Hapeville ordinance were sufficiently definite to give

applicants the notice which due process requires.

"In construing an ordinance or resolution of a governmental unit, if the language is susceptible of more than one construction, that construction is preferred which will render it valid rather than invalid." *Horras v. Williams,* 219 Ga. 115, 118 (132 SE2d 68) (1963); *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34) (1962). Language in an ordinance will be given a reasonable and sensible interpretation in order to carry out legislative intent and render an ordinance valid. *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340 (124 SE2d 758), affd. in part, revd. in part, 218 Ga. 193; on remand, 106 Ga. App. 467 (1962). We find that an ordinance tying the number of "consumption on the premises" liquor licenses to the number of inhabitants of a municipality is not void for vagueness. There can be no question but that the population of a municipality is a finite and definite number.

The next question is whether the number is capable of being ascertained. It is clear that there are several methods by which this can be accomplished. The trial court found that because there is more than one method of ascertaining the population number, the ordinance, as written, is void for vagueness. We do not agree. The United States Decennial Census is the standard of measure of population of a locality. Webster's Third New International Dictionary defines the word "census" as "an official enumeration of the population of a country, city, or other administrative district ..." The General Assembly of Georgia has defined census as the official census conducted every ten years by the United States of America or any agency as required under the United States Constitution. Code Ann. §§ 102-103, 91A-102. In dealing with the question of population, both statutory and constitutional revisions in Georgia have overwhelmingly provided that it shall be determined according to the most recent United States decennial census. The apportionment of the membership of each of the Houses of the Georgia General Assembly is subjected to change at each decennial census. Code Ann. §§ 2-801, 2-901. In determining the method for apportioning state grants to municipalities, the law provides a population standard and bases the population on the current United States decennial census. Code Ann. §§ 69-1303, 69-1604. All acts of the General Assembly which apply to counties, municipal corporations and judicial circuits by population bracket rather than by name are referenced as to United States decennial census. Index to General Laws of Local Application, Code Ann. Vol. 33, p. 633, et seq.

The above examples of statutes and constitutional provisions stand for the proposition that the most recent United States decennial census is a rational, logical and consistent means of

determining population when the word is used in the statute or ordinance. We also note the authority establishing the presumption of validity of statutes and ordinances.

Therefore, the ordinance in question here is vague neither as to the standard set forth nor as to the method of ascertaining it, and the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 25, 1980 —
REHEARING DENIED DECEMBER 16, 1980.

*Glaze, McNally & Glaze, Kirby A. Glaze, Steven M. Fincher,* for appellant.

*Murphy, Witcher & Murphy, Michael L. Murphy, John W. Kilgo,* for appellees.