732 P.2d 222

Richard Y. PLOWMAN, and Concordaunt, Inc., Plaintiffs/Appellees,

v.

ARIZONA STATE LIQUOR BOARD, Arizona Department of Liquor Licenses and Control, et al., Defendants/Appellants.

No. 2 CA–CIV 5735.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 9, 1986.

Reconsideration Denied Nov. 17, 1986.

Review Denied Jan. 27, 1987.

Harold L. Higgins, Jr., Tucson, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen. by James P. Lagattuta, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

The appellees, Richard Plowman and Concordaunt, Inc., are the holders of a Class 6 Arizona liquor license and operate an establishment in Tucson known as The Fine Line. They were charged in two different complaints with 23 counts of violations of Title 4, A.R.S. A panel of three members of the Arizona State Liquor Board heard evidence purporting to prove these allegations and found 20 of them to be true. Revocation of the license was recommended and ordered by the Board but subsequently stayed by the superior court. The decision of the panel was appealed to the superior court pursuant to A.R.S. §§ 4–211 and 12–901. After a hearing and review of the administrative record, the court entered a judgment which: 1) reversed all of the panel's findings on the 20 counts, 2) found that the penalty of revocation was excessive, and 3) remanded to the board for further proceedings.

In this appeal by the liquor board, the trial court's decision as to some of the counts is conceded. As a result, we are concerned only with the following charges in Complaint # 128–85 (amended):

COUNT 4 On numerous occasions Mr. Plowman allowed Mr. Hudson, a person under the age of 19 to remain in the licensed premises without being accompanied by a parent or legal guardian, in violation of A.R.S. Section 4–244(23).

COUNT 5 On or about the 27th day of October 1984, at approximately 12:21 a.m., you furnished spirituous liquor to Joseph Pickman, a person under the age of 19 years, in violation of A.R.S. Section 4–244(9).

COUNT 6 On or about the 27th day of October 1984, you neglected to procure proper proof of age of Joseph Pickman, in violation of A.R.S. Section 4–241(A).

COUNT 7 On or about the 27th day of October 1984, at approximately 12:21 a.m., you allowed Joseph Pickman, a person under the age of 19 years to remain in the licensed premises without being accompanied by a parent or legal guardian, in violation of A.R.S. Section 4–244(23).

COUNT 8 On or about the 27th day of October 1984, at approximately 12:21 a.m., you allowed Joseph Pickman, a person under the age of 19 years to consume spirituous liquor on your licensed premises, in violation of A.C. R.R. R4–15–234.

\*     \*     \*     \*     \*     \*

COUNT 10 On or about the 27th day of October 1984, at approximately 12:30 a.m. you allowed Rodolfo Romero, a person under the age of 19 years to remain in the licensed premises without being accompanied by a parent or legal guardian, in violation of A.R.S. Section 4–244(23).

COUNT 11 On or about the 27th day of October 1984, at approximately 12:15 a.m., you furnished spirituous liquor to John Diener, a person under the age of 19 years, in violation of A.R.S. Section 4–244(9).

COUNT 12 On or about the 27th day of October 1984, you neglected to procure the proper proof of age of John Diener, in violation of A.R.S. Section 4–241(A).

COUNT 13   On or about the 27th day of October 1984, at approximately 12:15 a.m., you allowed John Diener, a person under the age of 19 years to remain in the licensed premises without being accompanied by a parent or legal guardian, in violation of A.R.S. Section 4–244(23).

COUNT 14   On or about the 27th day of October 1984, at approximately 12:15 a.m., you allowed John Diener, a person under the age of 19 years to consume spirituous liquor on your licensed premises, in violation of A.C.R.R. R4–14–234.

\*     \*     \*     \*     \*     \*

COUNT 16   On or about the 27th day of October, 1984, at approximately 12:45 a.m., you allowed Stephanie Coderre, a person under the age of 19 years, to remain in the licensed premises without being accompanied by a parent or legal guardian in violation of A.R.S. § 4–244(23).

COUNT 17   On or about the 26th day of October 1984, at approximately 11:30 p.m., you allowed an intoxicated person, Jeff Polewtewa to remain on the licensed premises, in violation of A.R.S. Section 4–244(14).

In Complaint # 234–85

COUNT 3   On or about the 19th day of April 1984, at approximately 9:35 p.m., you allowed Marilyn Potucek, a person under the age of 19 years to remain in the licensed premises without being accompanied by a parent or legal guardian, in violation of A.R.S. Section 4–244(23).

COUNT 4   On or about the 19th day of April 1984, at approximately 9:35 p.m., you furnished spirituous liquor to Marilyn Potucek, a person under the age of 19 years, in violation of A.R.S. Section 4–244(9).

COUNT 5   On or about the 19th day of April 1984, you neglected to procure the proper proof of age of Marilyn Potucek, in violation of A.R.S. Section 4–241(A).

A.R.S. § 4–244 provides in pertinent part that it is unlawful:

9.   Except as provided in paragraphs 10 and 11 of this section, for a licensee or other person to sell, furnish, dispose of or give, or cause to be sold, furnished, disposed of or given, to a person under the age of nineteen years, or for a person under the age of nineteen years to buy, receive, have in possession or consume, spirituous liquor.  The provisions of this paragraph shall not prohibit the employment of persons who are at least sixteen years of age to check out, if supervised by a person on the premises who is at least nineteen years of age, package or carry merchandise, including spirituous liquor, in unbroken packages, for the convenience of the customer of the employer, if the employer sells primarily merchandise other than spirituous liquor.

\*     \*     \*     \*     \*     \*

14.   For a licensee or other person to serve, sell or furnish spirituous liquor to an intoxicated or disorderly person, or for a licensee or employee of the licensee to allow or permit an intoxicated or disorderly person to come into or remain on or about the premises, except that a licensee or an employee of the licensee may allow an intoxicated person to remain on the premises for a period of time not to exceed thirty minutes after the state of intoxication is known or should be known to the licensee in order that a nonintoxicated person may transport the intoxicated person from the premises.

\*     \*     \*     \*     \*     \*

23.   For an on-sale retail licensee to allow a person under the age of nineteen years to remain in an area on the licensed premises, during those hours in which its primary use is the sale, dispensing or consumption of alcoholic beverages, after the licensee, or his employees, know or should have known that the person is under the age of nineteen years.  This paragraph does not apply if the person under the age of nineteen years is accompanied by a spouse of legal drinking age, parent or legal guardi-

an or is an on-duty employee of the licensee.

Under A.R.S. § 4–241:

A. A licensee, employee or other person who questions or has reason to question whether or not a person ordering, purchasing, attempting to purchase or otherwise procuring or attempting· to procure the serving or delivery of spirituous liquor is nineteen years old shall require the person to exhibit an identification card and on a card to be retained by the licensee to sign his name, the date, and the number of such identification card. Such identification card shall include an unexpired driver's license issued by any state, provided such license includes a picture of the licensee, an identification license issued pursuant to § 28–421.01 or an armed forces identification card.

Finally, the regulations pertaining to liquor licenses provide:

No licensee shall permit any person on or about his licensed premises to give or furnish any spirituous liquor to any person under the age of nineteen years or permit any person under the age of nineteen years who has any spirituous liquor in his possession or is under the influence of intoxicating liquor to come into or remain in and about his licensed premises.

A.C.R.R. R4–15–234 (Oct. 8, 1982).

The judgment explains the trial court's reasons for reversing the order as to some of the counts. The reason given for reversing the panel's findings on counts 5 through 8 and 11 through 14 in Complaint # 128–85 (Amended) was that they "involved individuals who sneaked into the premises after having been denied admission. These findings of misconduct by licensee as to these individuals are therefore unsupported by the evidence and erroneous."

■ Joseph Pickman, the person named in counts 5 through 8, testified that the second time he and John Diener, named in counts 11 through 14, entered the night club that night that they "sneaked in." He

testified that they had been in the club, left, and when they returned were asked for identification and, since they had none, they "hung around in the parking lot, stood outside, and when the doormen were distracted, we ran in." Although this testimony is surely believable, when John Diener was cross-examined concerning that entry we find the following:

Q (By Mr. Higgins): In fact, you tried to get into the Fine Line three times that night; did you not?

A Yes.

Q You went there once, you got in, you left, you went back, and you were carded; weren't you?

A Yes.

Q And you left and you and your friends came back a third time and waited until the security officer's back was turned and then you snuck in, didn't you?

A No.

Q You didn't?

A We went right through the front door.

Q Right through the front. Were you with Joseph Pickman?

A Yes, I was.

Q And you didn't sneak in the third time when the security officer's back was turned?

A No, we just walked right in the front door.

Apparently the liquor board panel believed this testimony rather than that given by Pickman. That is its prerogative, and neither the trial court nor this court can weigh the evidence and substitute the court's findings for that of the agency. *Degroot v. Arizona Racing Commission,* 141 Ariz. 331, 686 P.2d 1301 (App.1984); *Petras v. Arizona State Liquor Board,* 129 Ariz. 449, 631 P.2d 1107 (App.1981).

■ We must therefore review counts 5 through 8 and 11 through 14, believing that Pickman and Diener did not "sneak in" but rather walked right in through the front door. Our review shows that the panel's finding as to counts 5 and 11 must be sustained. Both counts involve violations

of A.R.S. § 4–244(9), furnishing liquor to a person under the age of 19. On October 27, 1984, the date alleged, Pickman was 14 and Diener was 15 years of age. Diener testified before the panel; Pickman did not. Pickman's deposition was taken and received as evidence by the panel because he would not be available on the day set for hearing. In the absence of evidence to the contrary, we believe the young age of each of these two boys permits a finding that the licensee or his employees should have known they were under the age of 19. The panel had the opportunity to observe Diener and, again, in the absence of contrary evidence, this alone supports the panel's finding. When such evidence is present, the superior court on appeal must defer to that finding. Without additional evidence, the superior court may not reverse the panel's finding that the licensee should have known that the witness observed by the panel was not 19 at the time of the violation. Otherwise the superior court would be paying no deference to the panel's informed decision.

■ We emphasize at this point that the superior court had only the evidence presented to the panel. A.R.S. § 12–910 provides that, where justice demands, the superior court may in its discretion hear new or additional evidence. No such request was even made in this case, much less any evidence received. *See also Foote v. Gerber*, 85 Ariz. 366, 339 P.2d 727 (1959). The scope of the court's review is limited to deciding whether the administrative action was illegal, arbitrary or capricious, or involved an abuse of discretion. *Sundown Imports, Inc. v. Arizona Department of Transportation*, 115 Ariz. 428, 565 P.2d 1289 (App.1977). Thus, the panel's decision on counts 5 through 8 and 11 through 14 must be sustained. This disposes of the counts involving Pickman and Diener.

■ The only remaining count for which the trial court set forth its specific reason was 17. As to that count, the court found there was no evidence that the licensee knew or should have known that Mr. Polewtewa was intoxicated. Although no direct evidence furnished such proof, the evidence of his state of intoxication, his inebriated conduct, and the length of time involved all cause us to believe the panel could properly find that these circumstances proved that at least one employee knew of the intoxication.

This leaves counts 4, 10, and 16 of Complaint # 128–85 (Amended) and counts 3–5, inclusive, of Complaint # 234–85. The only reasons expressed in the judgment for reversing the panel's findings on these counts is the admission of improper evidence. The judgment, in fact, states that the consideration of reputation and hearsay evidence requires reversal as to *all* counts and findings. We have reviewed the entire record and do not agree. However, before we discuss this further we will review the evidence of the violations in the remaining counts.

■ Count 4 involves Scott Hudson, whose own testimony is that he had been in the club at least 100 times and that the first time he had paid an employee at the door a dollar, she turned her back and he went in. We believe the panel's finding of this violation must be affirmed.

■ Rodolfo Romero, the person named in Count 10, was also a witness before the panel. Although the evidence shows that he was 18 at the time, 6'1" tall, and weighed 165 pounds, the panel had the opportunity to observe him and found that the licensee should have known he was not 19 or more. As we have discussed, the superior court is bound by that finding absent additional evidence not present here.

Likewise, Stephanie Coderre, involved in Count 16, was observed as a witness before the panel. The record shows that she was 18. Applying our same reasoning, the finding of a violation as to her must be affirmed.

■ Involved in Counts 3, 4, and 5 of Complaint # 234–84 was an undercover agent of the Department of Public Safety, an 18–year–old, 6' tall female. The evidence was that she purchased two beers.

She did not appear as a witness before the panel, and there was no evidence that the licensee knew or had reason to know she was under the age of 19. Therefore, as to Counts 3 and 5, the superior court properly found insufficient proof of this violation and we affirm that ruling. However, the board's finding on count 4, which alleges the sale of liquor to her, must be affirmed because A.R.S. § 4–244(9) does not require proof of knowledge that she was under age.

■■■■ Returning to that part of the judgment which reverses the findings on all counts because of the admission of reputation and hearsay evidence, A.R.S. § 41–1010(A), governs the conduct of administrative hearings. That statute provides, in part:

(1) A hearing may be conducted in an informal manner and without adherence to the rules of evidence required in judicial proceedings. Neither the manner of conducting the hearing nor the failure to adhere to the rules of evidence required in judicial proceedings shall be grounds for reversing any administrative decision or order providing the evidence supporting such decision or order is substantial, reliable, and probative. Irrelevant, immaterial or unduly repetitious evidence shall be excluded....

A.R.S. § 12–911(B) provides further that: Technical errors in the proceedings before the administrative agency or its failure to observe technical rules of evidence shall not constitute grounds for reversal of the decision, unless it appears to the trial court that the error or failure affected the rights of a party and resulted in injustice to him.

We agree that an agency decision should not be based upon unreliable hearsay. We also agree that some such hearsay was admitted in the panel hearing. As a general matter, hearsay is unreliable when the speaker is not identified, when no foundation for the speaker's knowledge is given, or when the place, date, and time, and identity of others present is unknown or not disclosed. Reliable hearsay must be of the kind reasonable persons rely upon in serious matters. *Begay v. Arizona Department of Economic Services,* 128 Ariz. 407, 626 P.2d 137 (App.1981).

■■■■ We cannot agree that the receipt of some reputation evidence and of some "unreliable" hearsay affected the rights of the licensee or resulted in an injustice to him as to those counts which we have found to be proven. On the other hand, the receipt of this evidence may well have resulted in an injustice insofar as the penalty imposed is concerned. Because we must remand this case to the liquor board and because it may decide not to impose the same penalty, we need not address this issue any further.

The appellees also contend that there are other reasons for affirmance not addressed by the trial court, but raised there. We suspect the trial court placed no reliance upon these reasons because we believe they have no merit. We will, however, briefly address them.

■■■■ The appellees first contend that they were denied due process. This contention is made solely because there are different procedures by which a hearing resulting in a revocation of a liquor license may be held. A.R.S. § 4–210(F) provides that the superintendent of the department of liquor licenses and control may set the hearing on a complaint charging violations before himself, a duly appointed hearing officer, the state liquor board, or, by virtue of A.R.S. § 4–111(D) before a panel of three members of the state liquor board. The appellees contend that there should be rules and/or regulations by which they can know which procedure will be followed and how that decision will be made. They even suggest that they should either decide how the complaint against them will be heard, or at least have a role in the determination process. However, they fail to say how due process requires that there be objective standards to guide the superintendent or the board in deciding which method to follow.

None of the authorities cited makes any such requirement or holds that due process is violated if a licensee does not know in advance which of the alternative hearing procedures will be used in his case. *Dietze v. Siler*, 414 F.Supp. 1105 (E.D.La., 1976), stands for the proposition that certain limitations attend the exercise of agency authority aimed at depriving one of a license. *Podgor v. Indiana University*, 178 Ind. App. 245, 381 N.E.2d 1274 (1978), held in part that a student had been provided due process through two hearings by the university's standing committee on residency. *Commission on General Education v. Union Township School of Fulton County*, 410 N.E.2d 1358 (Ind.App.1980), found that the written standards by which the transfer of a student to a school in which he would be "better accommodated" were sufficient. Finally, *Mayor & Council, City of Hapeville v. Anderson*, 246 Ga. 786, 272 S.E.2d 713 (1980), held that an ordinance which limited the number of liquor licenses of a certain type to the number of inhabitants of the city was not void for vagueness and therefore was not unconstitutional. While these cases may have the common thread of requiring certainty in and notice of the reasons for which licenses may be issued or revoked, none of them addresses the alleged due process violation claimed by these appellees. With no evidence of any kind to support the accusations, the appellees charge that the decision on how their case was to be heard rested on the "whim of some unknown person." They argue, again with no factual support, that the "chairman" of the state liquor board can choose cases which interest him and control the decision by appointing himself as a member of the three-member panel. They charge, again with no evidence, "forum manipulation." We find no violation of due process. We believe the legislative provision for alternative procedures for hearing complaints of alleged liquor violations is consistent with due process. The alternative methods could be readily explained and justified by reference, for example, to the workload of the board or its hearing officers.

■ The appellees next argue that they were denied a fair hearing. Advanced as their first reason is the panel's refusal to exclude witnesses from the hearing room. Were this a trial subject to Rule 9.3(a), Rules of Criminal Procedure, 17 A.R.S., or Rule 615, Rules of Evidence, 17A, A.R.S., this argument would carry more weight. Even then reversal would not be required unless prejudice was shown. *Kosidlo v. Kosidlo*, 125 Ariz. 32, 607 P.2d 15 (App. 1979), disapproved in part, 125 Ariz. 18, 607 P.2d 1 (not on this issue). No prejudice has been demonstrated. In fact, the testimony of Joseph Pickman was given by deposition six days prior to the hearing and presumably no other witnesses were present. Eight of the panel's findings which we are affirming involve their activities at the club. They did not hear each other testify, and there is no showing that they otherwise conversed about their testimony. Although an administrative agency might wisely use the rule excluding witnesses when requested, because it can do no harm and may help arrive at the truth in some instances, the denial did not prevent the appellees from having a fair hearing.

■ The appellees also contend that the admission of reputation evidence deprived them a fair trial. We have discussed this to some extent. Our review of the entire record convinces us that the evidence of bad reputation was not such that it could have influenced the decisions on those counts which we affirm.

Finally, the appellees contend the panel was biased and prejudiced, based on the questions asked and comments made at the hearing. We disagree. Our own review shows only that normal, usual questions were asked and the comments were those to be expected in the rather lengthy hearing.

To summarize, we reverse the superior court judgment on counts 4–8 inclusive, counts 10–14 inclusive, and counts 16 and 17 of Complaint # 128–85 (Amended). We also reverse the superior court judgment as

to count 4 of Complaint #234–85. The panel's findings regarding these charges must be sustained. We affirm the superior court's decision as to counts 3 and 5 of complaint #234–85.

Because many of the board's findings have been reversed and because of the trial court's finding that the penalty of revocation was excessive, we remand to the Arizona State Liquor Board to impose an appropriate penalty consistent herewith.

LIVERMORE, P.J., and LACAGNINA, J., concur.