169 Ariz. 540 (1991)
821 P.2d 201
Peter CIULLA, Plaintiff/Appellant,
v.
Charles MILLER, ex rel. ARIZONA HIGHWAY DEPT., MOTOR VEHICLE DIV., aka Arizona Department of Transportation, Defendants/Appellees.
No. 2 CA-CV 90-0302.
Court of Appeals of Arizona, Division 2, Department A.
May 7, 1991.
Review Denied December 17, 1991.
*541 Stephen Paul Barnard, Tucson, for Plaintiff/Appellant.
Grant Woods, Atty. Gen. by Richard Kamps, Phoenix, for Defendants/Appellees.

OPINION
HATHAWAY, Judge.
This appeal is taken from a superior court order affirming the administrative hearing officer's decision to suspend appellant's driver's license for 90 days. The hearing officer found reasonable grounds to believe appellant was driving under the influence of intoxicating liquor.
Appellees argue that this appeal is moot because appellant's license suspension has expired, citing Sherrill v. Department of Transportation, 165 Ariz. 495, 799 P.2d 836 (1990). A decision becomes moot for purposes of an appeal where, as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties. Vinson v. Marton & Associates, 159 Ariz. 1, 4, 764 P.2d 736, 739 (App. 1988). We find that appellant still has an interest in this action because the suspension impacts upon both his driving record and his insurance rates; the appeal is not moot.
The sole issue on appeal is whether there was insufficient foundation for admission of the intoxilyzer results.
In an appeal to superior court from an administrative decision, the decision will be set aside only if it is unsupported by competent evidence. Robinson v. Prins, 161 Ariz. 195, 196, 777 P.2d 693, 694 (App.), aff'd. 161 Ariz. 198, 777 P.2d 696 (1989).
The hearing officer found that the evidence presented by appellee satisfied all five of the foundational requirements listed in A.R.S. § 28-692.03, as necessary for admission of the breath test results. Appellant argues this was an abuse of discretion because the document admitted to prove A.R.S. § 28-692.03(A) did not satisfy the Arizona Rules of Evidence concerning the admissibility of documents, Ariz.R.Evid. 901 and 902, 17A A.R.S., the Uniform Recognition of Acknowledgments Act (A.R.S. § 33-501 et seq.), the rules of the Motor Vehicle Division for document admission (ACRR R17-4-909), and the rules of the Department of Health Services for calibration checks for function and accuracy tests *542 on the intoxilyzer, using specified quality assurance forms (ACRR R9-14-405).
An administrative hearing officer need not adhere to the Arizona Rules of Evidence or the Uniform Recognition of Acknowledgments Act in every respect. The standard for admission of evidence appears in A.R.S. § 41-1010(A)(1) (renumbered as § 41-1062(A)(1)):
... Neither the manner of conducting the hearing nor the failure to adhere to the rules of evidence required in judicial proceedings shall be grounds for reversing any administrative decision or order providing the evidence supporting such decision or order is substantial, reliable, and probative.
As to the rules of the Motor Vehicle Division for document admission, the record shows that the five specific foundational requirements of A.R.S. § 28-692.03 were established. That there may have been some technical failure of adherence to the Motor Vehicle Division rules has not been shown to be of significance.
The rules of the department of health services concerning calibration checks, and function and accuracy tests on the intoxilyzer, go to the issue of the reliability or validity of intoxilyzer evidence pursuant to A.R.S. § 28-692(G).[1] Our supreme court requires proof, in court proceedings under A.R.S. § 28-692, that an agency has complied with these rules before intoxilyzer results can be admitted. Fuenning v. Superior Court, 139 Ariz. 590, 602, 680 P.2d 121, 133 (1983); Robinson v. Prins, supra.
The document in question was subscribed and sworn to by criminalist Quentin Peterson before a notary and indicated that Peterson was qualified by the Arizona Department of Health Services as a Quality Assurance Specialist for Intoxilyzer Inspection. It also showed that the intoxilyzer used for appellant's test was functioning within the legal, acceptable accuracy limits as defined by ACRR R9-14-405.A.3, as shown by test results on the instrument shortly before and shortly after appellant's test. The document stated that no problems were reported concerning the instrument between the dates of its testing by Peterson.
We find this document satisfies the reliability requirements under A.R.S. § 28-692(G) as a summary of work performed by the Department of Health Services.
Appellant argues that the document is hearsay evidence and thus denies him of the right of confrontation. We find the document to be admissible hearsay because it is reliable under A.R.S. § 41-1010(A)(1), quoted above. See Plowman v. Arizona State Liquor Board, 152 Ariz. 331, 732 P.2d 222 (App. 1986); Kuznicki v. Arizona Department of Transportation, 152 Ariz. 381, 732 P.2d 1119 (App. 1986). Appellant could have challenged it by a subpoena of the original records of the Department of Health Services, and by calling Peterson as a witness at the hearing. Wieseler v. Prins, 167 Ariz. 223, 805 P.2d 1044 (App. 1990).
Finally, appellant argues that the document is invalid because the authenticating notary failed to date the notarization. We find that the hearing officer acted within his discretion in admitting the document despite this discrepancy.
Affirmed.
LIVERMORE and LACAGNINA, JJ., concur.
NOTES
[1] Subsequent to this case, the legislature deleted § 28-692(G) from the statute, effective June 28, 1990.