NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STANFORD COLLINS, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF WEIGHTS AND MEASURES,
*Defendant/Appellee.*

No. 1 CA-CV 13-0733
FILED 12-11-2014

Appeal from the Superior Court in Maricopa County
No.  LC2013-000300-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Stanford D. Collins, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Raine
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

**¶1** Appellant Stanford Collins appeals the superior court's judgment affirming the decision of an administrative law judge (ALJ), which found Collins: (1) operated a taxi without a license; (2) failed to obtain and use taxi license plates; (3) failed to maintain commercial insurance on a taxi; (4) failed to post fare rates inside or outside a taxi; (5) failed to post driver identification in a taxi; and (6) failed to obtain and use a taxi meter, all in violation of Arizona law regulating operation of a livery vehicle. Collins' sole argument on appeal is that insufficient evidence supports the ALJ's finding that he was operating a taxi. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** In December 2012, the Phoenix Police Department received a report of an illegal taxi operating outside the Wal-Mart at 16th Avenue and Bethany Home Road. Another taxi driver reportedly saw Collins soliciting rides at the entrance of the Wal-Mart, and heard him negotiate with a prospective passenger regarding the price of a ride.

**¶3** Upon arrival, the officer found Collins standing on the passenger side of a 1987 Chevrolet Celebrity sedan marked with the word "taxi" on the back, while a man climbed into the back seat. The officer did not observe a license plate indicating the vehicle was a taxi, a "taxi" sticker on the vehicle's rear window, signage on the vehicle's exterior or interior containing rates, or a meter.

**¶4** The officer asked the man if he was getting into a taxi, and when he answered in the affirmative, the officer advised that the vehicle

---

[1] When reviewing an administrative decision, we view the evidence in the light most favorable to upholding the decision of the ALJ. *Special Fund Div. v. Indus. Comm'n*, 182 Ariz. 341, 346, 897 P.2d 643, 648 (App. 1994).

was not a valid taxi. The man removed his belongings from the vehicle's trunk and left the scene.

¶5        When requested, Collins was unable to provide the officer with proof of commercial insurance. He explained to the officer that he was not operating a taxi, but was giving rides for free.

¶6        An investigator from the Arizona Department of Weights and Measures (DWM), who was called to the scene, informed Collins of his rights under the Regulatory Bill of Rights, and performed a taxi cab inspection. The investigator observed the words "STANFORD TAXI" and "TAXI" on the rear and both sides of the vehicle's exterior. However, there was no taxi license plate or fare rates on the exterior. Additionally, there was no driver's identification or rates posted inside the vehicle; nor did the investigator observe a taxi meter.

¶7        Based upon its investigation, DWM issued a Notice of Violation to Collins, which found numerous violations of state law and assessed civil penalties as follows: (1) $300 penalty for operating a taxi without a license, in violation of Arizona Revised Statutes (A.R.S.) section 41-2113(B)(4);[2] (2) $300 penalty for operating a taxi without a taxi meter, in violation of A.R.S. § 41-2091(C); (3) $300 penalty for operating a taxi without displaying interior signage containing fare information, in violation of A.R.S. § 41-2096(A); (4) $300 penalty for operating a taxi without displaying exterior signage containing fare information, in violation of A.R.S. § 41-2096(C); (5) $300 penalty for operating a taxi without displaying driver's identification, in violation of A.R.S. § 41-2096(B); (6) $500 penalty for operating a taxi without displaying taxi license plates, in violation of A.R.S. § 41-2091(K); and (7) $500 penalty for operating a taxi without proper insurance, in violation of A.R.S. § 41-2091(K).

¶8        Collins appealed the Notice of Violation, and DWM conducted a hearing before the Office of Administrative Hearings. At the hearing, DWM presented the evidence obtained from the investigation. Collins testified he had not been operating a taxi, but rather "selling his image" and promoting a future taxi business.

¶9        The ALJ specifically "deemed [Collins' testimony] not credible given the totality of the evidence of the record," and concluded DWM had proven each violation by a preponderance of the evidence. It

_____

[2]        Absent material revisions after the relevant dates, statutes cited refer to the current version.

3

therefore affirmed the total civil penalty of $2,500 assessed against Collins. DWM subsequently adopted the ALJ's findings and conclusions as a final administrative decision.

¶10        Collins thereafter filed a complaint for review with the superior court pursuant to the Administrative Review Act. *See* A.R.S. §§ 12-901 to -914. The superior court affirmed DWM's conclusions, and Collins timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-913 and -2101(A)(1).

**DISCUSSION**

¶11        In reviewing an agency decision, the superior court "shall affirm the agency action unless after reviewing the administrative record and supplementing evidence presented at the evidentiary hearing the court concludes that the action is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(E). On appeal, we review the superior court's judgment *de novo*, "independently examin[ing] the record to determine whether the evidence supports the judgment." *Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 557, ¶ 7, 48 P.3d 505, 507 (App. 2002) (citing *Carley v. Ariz. Bd. of Regents*, 153 Ariz. 461, 463, 737 P.2d 1099, 1101 (App. 1987)).

¶12        Thus, "our respective roles begin and end with determining whether there was substantial evidence to support the administrative decision," *Havasu Heights Ranch & Dev. Corp. v. Desert Valley Wood Prods., Inc.*, 167 Ariz. 383, 387, 807 P.2d 1119, 1123 (App. 1990) (citing *Plowman v. Ariz. State Liquor Bd.*, 152 Ariz. 331, 335-36, 732 P.2d 222, 226-27 (App. 1986), and *Sundown Imports, Inc. v. Ariz. Dep't of Transp.*, 115 Ariz. 428, 431, 565 P.2d 1289, 1292 (App. 1977)). Substantial evidence exists even if the record also supports a different conclusion. *DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 336, 686 P.2d 1301, 1306 (App. 1984) (citing *Webster v. State Bd. of Regents*, 123 Ariz. 363, 365, 599 P.2d 816, 818 (App. 1979)). The superior court errs when it substitutes its own judgment for that of the fact finder — here, the administrative law judge — and may not re-weigh the evidence upon which the decision was based. *Richard E. Lambert, Ltd. v. City of Tucson Dep't of Procurement*, 223 Ariz. 184, 187, ¶ 9, 221 P.3d 375, 378 (App. 2009). An agency's determination may be overturned only if it "'is without any evidence to support it, or is absolutely contrary to uncontradicted and unconflicting evidence upon which it purports to rest.'" *Ariz. Dep't of Pub. Safety v. Dowd*, 117 Ariz. 423, 426, 573 P.2d 497, 500 (App. 1977) (quoting *E. Camelback Homeowners Ass'n v. Ariz. Found. for Neurology & Psychiatry*, 18 Ariz. App. 121, 126, 500 P.2d 906, 911 (1972)).

¶13      Collins does not dispute the physical attributes of the vehicle or the lack of commercial insurance. Rather, he argues only that there was insufficient evidence to support the ALJ's finding that he was operating a taxi. We disagree, as we find there is substantial evidence in the record to support this determination. Collins was observed soliciting taxi rides at the entrance of Wal-Mart. His vehicle displayed the word "taxi" in three locations, and at least one person — his purported passenger — believed him to be lawfully operating as a taxi.

¶14      Although Collins presented his own testimony to controvert these facts,[3] the ALJ did not find it credible in light of the other evidence. Therefore, nor do we. *State v. Alawy*, 198 Ariz. 363, 365 n.2, ¶ 7, 9 P.3d 1102, 1104 (App. 2000) (noting "it is not for [the appellate] court but for the trier of fact to determine the credibility of the witnesses"); *see Ritland v. Ariz. State Bd. of Med. Examn'rs*, 213 Ariz. 187, 190, ¶ 10, 140 P.3d 970, 973 (App. 2006) (explaining the "'predicate upon which our deference is given to the finder of fact is the assumption that he has indeed had the opportunity to look the witness in the eye and reach a conclusion with respect to his veracity or lack thereof.'" (quoting *Adams v. Indus. Comm'n*, 147 Ariz. 418, 421, 710 P.2d 1073, 1076 (App. 1985))).

¶15      Alternatively, Collins argued below that the taxi was not "operational" in that "[n]o one moved an inch in [his] car." Collins presented no authority for the position that, as long as an unlicensed commercial vehicle is not in motion, it is not being "operated." To the

---

[3]      Collins argues the ALJ "totally disregarded or ignored" testimony from his fiancé, "a witness to this issue." The record reflects Collins was the only witness offered on his behalf at the hearing. There is no indication Collins attempted to, or was denied the opportunity to, present his fiancé's testimony. Moreover, Collins failed to provide a transcript of the hearing to this Court. *See State ex. rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003) (noting appellant's responsibility to ensure complete record on appeal and holding "[w]hen a party fails to do so, we assume the missing portions of the record would support the [ALJ]'s findings and conclusions" (citing *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995))). On this record, we do not find any error. Even assuming the record was complete, the ALJ is within his discretion to disregard or ignore testimony from an interested witness that is contrary to other credible evidence. *See Stanley v. Moan*, 71 Ariz. 359, 361, 227 P.2d 389, 391 (1951).

contrary, A.R.S. § 41-2114 creates a rebuttable presumption that a commercial device is "regularly used" for a business purpose if it "is in or about any place in which or from which buying or selling is commonly carried on." Here, evidence was presented that Collins was preparing to provide passenger services for a fare outside a busy Wal-Mart, where at least one other taxi driver was available to provide transportation. Collins offered nothing to rebut the presumption that his vehicle was "in use," and we therefore reject this argument.

## CONCLUSION

¶16 We affirm the superior court's order upholding DWM's determination that Collins operated a taxi without a license and without required equipment and insurance, and imposing a civil penalty for these violations.



Ruth A. Willingham · Clerk of the Court
FILED: gsh