277 P.3d 811

Maria C. CARDOSO, Plaintiff/Appellant,

v.

Paul SOLDO, Defendant/Appellee.

No. 1 CA–CV 11–0281.

Court of Appeals of Arizona, Division 1, Department C.

May 29, 2012.

---

Maria Cardoso, In Propria Persona, Santa Monica, CA.

## OPINION

NORRIS, Judge.

¶ 1 Maria C. Cardoso timely appeals from the superior court's continuance of an order of protection issued in favor of her former husband, Paul Soldo. Although the order of protection expired before we could hear her appeal, we hold Cardoso's appeal is not moot and address the merits of her arguments on appeal. As to the merits, we find her arguments unsupported by the evidence of record and affirm the superior court's decision continuing the order of protection.

1. Soldo did not file an answering brief, and we could regard his failure to do so as a confession of reversible error. We are not required to do so, however, and in the exercise of our discre-

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 On January 27, 2011, Soldo petitioned the Phoenix Municipal Court for an ex parte order of protection against Cardoso, citing Cardoso's "complete unrelentless harassment" through text and e-mail messages since September 2, 2010. Based on Soldo's petition, that same day the municipal court issued an order of protection which barred Cardoso from having any contact with Soldo and a third party and from communicating with them by any means.

¶ 3 Cardoso moved to dismiss the order of protection and requested a hearing. The municipal court scheduled but then vacated the hearing and transferred the case to the Maricopa County Superior Court after it learned the superior court had scheduled a hearing on Cardoso's request that the superior court hold Soldo in contempt for nonpayment of child support and other court-ordered obligations. See Ariz. Rev. Stat. ("A.R.S.") § 13–3602(O) (2010) (when post-decree proceeding has been commenced but not finally determined in the superior court, municipal court shall stop further proceedings and forward all papers to superior court which shall proceed as though petition for order of protection had been originally brought in that court).

¶ 4 After the transfer, Cardoso renewed her motion to revoke the order of protection. After conducting an evidentiary hearing, the superior court denied Cardoso's motion and instead continued the order of protection.[1]

## DISCUSSION

### I. Mootness

¶ 5 Soldo served the order of protection on Cardoso on February 3, 2011. An order of protection expires one year after service on the defendant. A.R.S. § 13–3602(K). Therefore, the order of protection against Cardoso expired before we considered her appeal in April 2012. Because the order of protection has expired, we are pre-

tion, we address the substance of Cardoso's appeal. *Gonzales v. Gonzales*, 134 Ariz. 437, 437, 657 P.2d 425, 425 (App.1982).

sented with a threshold question—should we dismiss Cardoso's appeal as moot? As we have explained in other contexts, generally, we will dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties. *Bank of New York Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 8, 254 P.3d 1138, 1140 (App.2011). Our reluctance to consider a moot question is not driven by the Arizona Constitution but is a matter of prudential or judicial restraint subject to the exercise of our discretion. *Big D Const. Corp. v. Court of Appeals for State of Ariz., Div. One*, 163 Ariz. 560, 563, 789 P.2d 1061, 1064 (1990); *Phoenix Newspapers, Inc. v. Molera*, 200 Ariz. 457, 460, ¶ 12, 27 P.3d 814, 817 (App.2001). We have exercised that discretion and considered appeals that have become moot when they present an issue of great public importance or one capable of repetition yet evading review. *Id.; see also LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 9, 56 P.3d 56, 59 (App.2002) (injunction against harassment restricting political speech not moot because it presented "an issue of great public importance that is capable of evading review").

▮ ¶ 6 Neither of these exceptions to mootness is a good fit here. The "issue of great public importance" exception to mootness usually involves an issue that will have broad public impact beyond resolution of the specific case. See, for example, *Bank of New York Mellon*, 227 Ariz. at 194, ¶ 8, 254 P.3d at 1140 (construction of federal Protecting Tenants at Foreclosure Act of 2009, and its application to Arizona forcible entry and detainer statutes), and as discussed above, *LaFaro*. Cardoso's challenges to the protective order entered here are essentially grounded on the sufficiency of the evidence and the procedures followed by the municipal and superior courts in entering and then continuing the order of protection. And, although Cardoso argues the municipal and superior courts violated her constitutional due process and statutory rights, her arguments are grounded on the events that occurred in this case. Her arguments thus do not present the type of significant public issue that typically triggers this exception to the mootness doctrine.

▮ ¶ 7 Nor is the "capable of repetition yet evading review" exception to mootness implicated here. Typically, that exception is applicable when, because of time constraints, an issue that is capable of recurring cannot be decided by the appellate court. *See, e.g., Ariz. Dep't of Econ. Sec. v. Superior Court*, 171 Ariz. 688, 690, 832 P.2d 705, 707 (App. 1992) (order requiring state to provide medical care to child adjudicated dependent but remaining in parents' physical custody not moot even though state provided care because issue "is a recurrent one, capable of repetition yet evading review"); *KPNX Broad. v. Superior Court*, 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984) (appeal challenging orders prohibiting participants in criminal case from contacting media and requiring television station to submit courtroom sketches to superior court before being broadcast not moot even though trial was over).

¶ 8 Here, in contrast, the protective order was effective for a year after service. And, nothing in the record before us suggests Soldo has attempted to obtain another order of protection against Cardoso. Thus, Cardoso's appeal does not fall within the "capable of repetition, yet evading review" exception to mootness.

▮ ¶ 9 Another exception to mootness exists that, in our view, is applicable to expired orders of protection—the collateral consequences exception. Under this exception, an appellate court will review an otherwise moot order if the consequences of that order will continue to affect a party. *See generally Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) (petitioner's release from custody did not moot habeas corpus proceeding; as a consequence of his conviction, petitioner was unable to vote, serve as a juror or labor union official for a specified period of time, or engage in certain businesses). Our supreme court and this court have recognized the collateral consequences exception to mootness in criminal cases. *See, e.g., State v. Cutler*, 121 Ariz. 328, 330, 590 P.2d 444, 446 (1979) (although defendant released from jail, appeal challenging confinement not moot); *State v. Lane*, 128 Ariz. 360, 360–61, 625 P.2d 949, 949–50

(App.1981) (defendant who has served sentence and been released from custody still entitled to appeal superior court's refusal to order mental examination for competency; "possibility of appellant suffering collateral legal consequences from a sentence already served permits us to review his claim on its merits," conviction may be relevant in further criminal proceedings against defendant for determining bail, availability of probation, and sentence enhancement). And, although we did not refer to the doctrine of collateral consequences by name, in *Ciulla v. Miller ex rel. Arizona Highway Department,* 169 Ariz. 540, 541, 821 P.2d 201, 202 (App.1991), we reached the merits of a party's challenge to the suspension of his driver's license even though his suspension had expired because it would impact both his driving record and insurance rates. We also considered the merits of an otherwise moot appeal of a court-ordered mental health treatment order due to "the Appellant's interests at stake as a result of having a commitment order in her record." *In re M.H. 2007–001236,* 220 Ariz. 160, 165 n. 3, ¶ 12, 204 P.3d 418, 423 n. 3 (App.2008).

¶ 10 In Arizona, expired orders of protection have ongoing collateral legal consequences. An order of protection is issued "for the purpose of restraining a person from committing an act included in domestic violence." A.R.S. § 13–3602(A). In determining whether to issue an order of protection, the requesting party must advise a court whether a prior order of protection has been issued concerning "the conduct that is sought to be restrained." A.R.S. § 13–3602(C)(5). Thus, the issuance of a prior, albeit expired, order of protection is a circumstance a court is entitled to consider in deciding whether to issue a subsequent order of protection. Additionally, when a court issues an order of protection, it is required to forward to the sheriff a copy of the order of protection and proof of service on the defendant for registration in a "central repository" so that its existence and validity can be "easily verified." A.R.S. § 13–3602(L). The statute does not, however, direct the sheriff to remove expired orders of protection from the "central repository."

¶ 11 An order of protection, even if expired, also has ongoing significance in a dispute over joint custody of a minor child. Section 25–403.03(A) (2008) prohibits a court from awarding joint custody if it finds "by a preponderance of the evidence that there has been a significant history of domestic violence." This statute goes on to instruct that in deciding whether a person has committed an act of domestic violence, a court should consider, among other matters, "[f]indings from another court of competent jurisdiction." A.R.S. § 25–403.03(C)(1). Further, the statute imposes a rebuttable presumption that it is not in a child's best interests to award custody to a parent who has committed "an act of domestic violence" against the other parent. A.R.S. § 25–403.03(D). In turn, the statute defines an "act of domestic violence" as including "a pattern of behavior for which a court may issue an ex parte order to protect the other parent who is seeking child custody." A.R.S. § 25–403.03(D)(3).

¶ 12 Further, because an order of protection is issued for the purpose of restraining acts included in domestic violence, its very issuance can significantly harm the defendant's reputation—a collateral consequence that can have lasting prejudice. Accordingly, courts throughout the United States have recognized expired orders of protection are not moot because of their ongoing reputational harm and stigma. As explained by the Supreme Court of Connecticut, the "threat of reputation harm is particularly significant in this context because domestic violence restraining orders will not issue in the absence of the showing of a threat of violence.... [and] being the subject of a court order intended to prevent or stop domestic violence may well cause harm to the reputation and legal record of the defendant." *Putman v. Kennedy,* 279 Conn. 162, 900 A.2d 1256, 1262 (2006); *accord Hamilton ex rel. Lethem v. Lethem,* 119 Hawai'i 1, 193 P.3d 839, 846–48 (2008); *Smith v. Smith,* 145 N.C.App. 434, 549 S.E.2d 912, 914 (2001); *Piper v. Layman,* 125 Md.App. 745, 726 A.2d 887, 891 (1999); *Wilder v. Perna,* 174 Ohio App.3d 586, 883 N.E.2d 1095, 1099 (2007); *Clements v. Haskovec,* 251 S.W.3d 79, 84 (Tex.App. 2008).

¶ 13 We recognize other jurisdictions have held an expired order of protection renders an appeal moot. *See, e.g., Schroeder v. Hunn*, 341 S.W.3d 167, 168, 168 n. 1 (Mo.Ct. App.2011); *In re Justin CC*, 86 A.D.3d 725, 927 N.Y.S.2d 431, 432 (N.Y.App.Div.2011); *Barnett v. Adams*, 273 P.3d 378, 380 (Utah Ct.App.2012). These courts have viewed the collateral consequences as too speculative or the stigma inconsequential. We find these cases unpersuasive. First, as discussed, in Arizona, orders of protection give rise to an array of concrete legal consequences that continue beyond their expiration. Second, we agree with the Connecticut Supreme Court that the conclusion reached in these cases—that the expiration of an order of protection renders an appeal from the order moot—"ignores the gravity of these orders for the individuals involved, and is, therefore, inconsistent with … collateral consequences jurisprudence." *Putman*, 900 A.2d at 1264 n. 13.

¶ 14 Because expired orders of protection carry with them significant collateral legal and reputational consequences, we hold they are not moot for purposes of appellate review. We thus turn to the merits of Cardoso's arguments on appeal.[2]

## II. Merits

¶ 15 Cardoso initially argues Soldo failed to properly serve her with the initial order of protection. At the hearing, however, Cardoso explicitly waived her objection to service.

¶ 16 Cardoso next argues the evidence failed to support the superior court's continuance of the order of protection. Reviewing the decision of the superior court for an abuse of discretion, we disagree. *Cf. La-Faro*, 203 Ariz. at 485, ¶ 10, 56 P.3d at 59 (appellate court reviews injunction against harassment for clear abuse of discretion).

¶ 17 At the beginning of the hearing, the superior court advised the parties the issue before it was whether there was "enough to support the order of protection" which Soldo had obtained based on his assertion of Cardoso's "complete unrelentless harassment" through text and e-mail messages. *See generally* A.R.S. § 13–3601(A) (2010) (defining domestic violence as including harassment under A.R.S. § 13–2921(A)(1) if the victim has a specified relationship with the defendant). Soldo testified he had told Cardoso to stop sending him messages in early December 2010—testimony Cardoso did not dispute—yet he received "hundreds" of messages from her thereafter. He further explained that although the messages did not specifically state she was going to "come kill" him, she made threatening statements such as "I know where you live, I know where [the third party] works, I'm going to get the last laugh." The third party also testified she had received text messages that stated "you scumbag, die already, and things like that." Although Cardoso disputed the number of messages she had sent and their content, the superior court did not abuse its discretion in accepting the testimony and evidence presented by Soldo and the third party and continuing the order of protection. *See Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz.App. 166, 169, 171, 481 P.2d 536, 539, 541 (1971) (superior court is in the best position to judge credibility of witnesses and resolve conflicting evidence, and appellate court generally defers to its findings).

¶ 18 Cardoso next argues the superior court violated her due process rights in how it conducted the hearing. She asserts the court did not give her adequate time to present her case or an opportunity to review Soldo's cell phone records. Cardoso did not raise these objections during the hearing, and normally we will not address issues not initially raised in the superior court. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000). Nevertheless, the record reflects the court gave her a reasonable opportunity to present her case and to review the cell phone records.

¶ 19 Cardoso also argues the superior court was biased. We disagree. A

---

2. Cardoso pursued this appeal with appropriate dispatch. Our willingness to apply the collateral consequences doctrine to orders of protection that expire during the appellate process should not be viewed as an escape hatch for litigants who fail to pursue their appeals with diligence and in accordance with the applicable appellate rules.

trial judge is presumed to be free of bias and prejudice and to overcome this presumption, a party must show by a preponderance of the evidence that the trial judge was, in fact, biased. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38, 124 P.3d 756, 768 (App.2005). Cardoso has failed to make this showing.

¶ 20 Finally, Cardoso asserts the superior court failed to make findings pursuant to Rule 82(A) of the Arizona Rules of Family Law Procedure. That rule directs the family court to "find the facts specially and state separately its conclusions of law thereon," if a party has requested such findings before trial. The family law rules apply to protective order proceedings only to "the extent not inconsistent with" the Arizona Rules of Protective Order Procedure. Ariz. R. Protective Order P. 1(A)(2). Rule 8(G) of the protective order rules only requires, however, that a judicial officer "shall state the basis for continuing, modifying or revoking the protective order."

¶ 21 Nevertheless, assuming without deciding that Rule 82(A) is applicable to orders of protection, we reject Cardoso's argument. The only findings she requested were those

favorable to her. In deciding to continue the order of protection, the superior court implicitly rejected the findings she had requested or found them irrelevant.[3] *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11, 967 P.2d 1022, 1025 (App.1998) ("[W]e may infer additional findings of fact ... sufficient to sustain the [superior] court's order as long as those findings are reasonably supported by the evidence.") (citation omitted).

¶ 22 Cardoso's appeal from the now-expired order of protection is not moot. Nevertheless, none of her arguments on appeal are supported by the record and we affirm the superior court's order continuing the order of protection.

CONCURRING: PETER B. SWANN, and MAURICE PORTLEY, Judges.

---

**3.** Cardoso also argues the superior court improperly denied her separate petition for protective order against Soldo. Cardoso did not appeal the court's denial of her petition. Therefore, this issue is not properly before us.