NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE LEGAL
PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JENELL STRAW, *Plaintiff/Appellant*,

*v.*

JOHN ROBERT WITTS, *Defendant/Appellee*.

No. 1 CA-CV 13-0173
FILED 03/04/2014

Appeal from the Superior Court in Maricopa County
No.  FC2006-090100
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Wylde Summers PLLC, Gilbert
By Jennifer Summers

*Counsel for Plaintiff/Appellant*

Atchley and Delgado LLP, Mesa
By Michael G. Delgado

*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

¶1        Jenell Straw appeals from the superior court's order dismissing an order of protection she obtained against her ex-husband, John Robert Witts, on behalf of their minor daughter.  On appeal, Straw argues the superior court abused its discretion in dismissing the order of protection because the evidence presented at an evidentiary hearing demonstrated Witts had committed an act of domestic violence against the daughter.  *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16, 277 P.3d 811, 816 (App. 2012) (order of protection ruling reviewed for abuse of discretion).  For the following reasons, we disagree with her argument and affirm the order.

¶2        Witts's current wife, who observed parts of the incident between Witts and the daughter, testified that after Witts took the daughter's cell phone away, the daughter "tried to lunge in and grab the phone from him."  She testified Witts then tried to usher the daughter into her room, and "she just went nuts" and started hitting, kicking, and scratching him.  Witts's wife further testified Witts restrained the daughter by "lower[ing] her to the ground," but that he did not hurt her in any way.  Witts's wife called the police, and they asked Witts if he wished to press charges against the daughter; he declined to do so.

¶3        Straw also testified at the hearing based on her conversations with the daughter.  Straw's testimony supported Witts's wife's testimony that the daughter initiated physical contact with Witts and he was trying to restrain her.  Straw stated the daughter told her that Witts had the daughter's cell phone in his hand, and "she went over the top of him to go grab it."  The daughter also told Straw that Witts had then grabbed the daughter's arm and sat her back down.  When he would not let go of her arm, the daughter "took a swing at him."[1]

---

[1]At the hearing, Straw testified that Witts grabbed the daughter by the throat.  Witts's wife, however, testified Witts never

**¶4** Based on this testimony and the other evidence presented at the hearing, reasonable evidence supported the superior court's dismissal of the order of protection. *See State v. Morris*, 215 Ariz. 324, 341, ¶ 77, 160 P.3d 203, 220 (2007) (Under an abuse of discretion standard, "we uphold a decision if there is any reasonable evidence in the record to sustain it." (citation omitted) (internal quotation marks omitted)).

**¶5** Witts has requested fees on appeal pursuant to Arizona Revised Statutes section 25-324 (Supp. 2013). Section 25-324 authorizes attorneys' fees in dissolution of marriage and legal decision-making and parenting time actions and is, consequently, inapplicable here. As the prevailing party on appeal, however, Witts is entitled to costs on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

**¶6** For the foregoing reasons, we affirm the superior court's order dismissing the order of protection.



Ruth A. Willingham · **Clerk of the Court**
F I L E D : gsh

---

grabbed the daughter's throat and his hands were on her shoulders. Which witness to believe was a decision for the superior court. *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995) ("finder-of-fact, not the appellate court . . . determines the credibility of witnesses").