NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GEOFFREY STREETER; MATTHEW HANSEN, *Plaintiffs/Appellees*,

*v.*

SHARON VISOR; LEROY VISOR, *Defendants/Appellants*.

No. 1 CA-CV 14-0595
FILED 12-1-2015

Appeal from the Superior Court in Maricopa County
No. CV2014-093311, CV2014-093312, CV2014-093313, and CV2014-093314
The Honorable Margaret Benny, Judge *Pro Tempore*

**REVERSED**

COUNSEL

Fennemore Craig, P.C., Phoenix
By Theresa Dwyer-Federhar
*Counsel for Plaintiffs/Appellees*

Sharon Visor, Leroy Visor, Sun Lakes
*Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

¶1            Sharon and LeRoy Visor appeal the superior court's continuation of four injunctions against harassment obtained against them by Geoffrey Streeter and Dr. Matthew Hansen.  For reasons that follow, we vacate the injunctions as impermissible prior restraints of protected speech.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Hansen, aided by physician's assistant Streeter, performed shoulder replacement surgery on LeRoy Visor.  LeRoy Visor continued to see Hansen for follow-up care for several months after the surgery, during which he claims he suffered increasing pain.  LeRoy Visor then underwent revision surgery with another surgeon.

¶3            Following the revision surgery, the Visors wrote Hansen and Streeter alleging medical malpractice and demanding compensation for LeRoy Visor's alleged injuries.  The Visors also stated that, if their compensation demand was not met, they would "commence with legal action, filing a complaint with the medical board and alert various media sources of this malpractice."

¶4            After sending their demand letter, the Visors prepared two flyers titled "Malpractice Alert" and "Medical Negligence Awareness." Both flyers stated detailed allegations against Hansen and Streeter regarding LeRoy Visor's care and treatment.  The Visors sent flyers to Hansen's and Streeter's homes and places of business, as well as to Streeter's neighbors and parents. Sharon Visor also handed flyers to people visiting Hansen's and Streeter's offices and placed flyers on vehicles in the parking lot.

¶5            Both Hansen and Streeter thereafter obtained injunctions against harassment against each of the Visors. *See* Ariz. Rev. Stat. ("A.R.S.")

§ 12-1809.[1] The injunctions prohibited the Visors from contacting Hansen or Streeter or visiting their homes or workplaces. Each injunction also broadly prohibited the Visors from further distributing the flyers at issue, proscribing "mak[ing], post[ing] or distribut[ing] comments, letters, faxes, flyers or emails regarding [Hansen or Streeter] to the public (including but not limited to [Hansen's and Streeter's] family, neighbors, workplaces or colleagues) without agreement of the parties or permission of the court."

¶6        The Visors requested a hearing to contest the injunctions. *See* A.R.S. § 12-1809(H). Both Hansen and Streeter, along with two of their co-workers, testified at the hearing; the Visors cross-examined those witnesses but did not testify themselves. The superior court affirmed the injunctions, finding by a preponderance of the evidence that the Visors had committed acts of harassment. *See* Arizona Rules of Protective Order Procedure 8(F).

¶7        The Visors timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(5)(b) and Rule 9(A)(2), (B)(2) of the Arizona Rules of Protective Order Procedure. *See LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 8, 56 P.3d 56, 59 (App. 2002).

## DISCUSSION

¶8        As a preliminary matter, we consider whether the injunctions' expiration during the pendency of this appeal renders the issue moot. *See* A.R.S. § 12-1809(J) (injunction expires one year after service). Generally, an appeal becomes moot and subject to dismissal if this court's resolution of the appeal would no longer affect the parties. *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5, 277 P.3d 811, 814 (App. 2012). But this rule is a matter of prudential restraint, subject to our discretion. *Id.* Among other exceptions, we may decline to dismiss on this basis if a party may continue to suffer collateral consequences tied to the otherwise moot issue. *Id.* at 617–18, ¶ 9, 277 P.3d at 814–15.

¶9        The injunctions at issue here may carry such collateral consequences because of potential reputational harm to the Visors. *See Cardoso*, 230 Ariz. at 618, ¶ 12, 277 P.3d at 815 (ongoing reputational harm and stigma are appropriately considered in determining whether an appeal from an expired order of protection should be dismissed on the basis of mootness). Expired injunctions against harassment could impose adverse consequences on enjoined defendants because they remain a part of the

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

court record and are easily located. Accordingly, we conclude that the Visors' interest in excising ongoing stigma justifies consideration of their appeal.

**¶10**       The Visors contend that the injunctions impermissibly burdened their First Amendment free speech rights. Given the breadth of the injunctions' prohibitions, we agree. Although the Visors only obliquely raised this issue before the superior court, both the superior court and this court have an affirmative obligation to safeguard First Amendment protections absent some clear and intentional waiver by the parties. *See Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 482–83, 724 P.2d 562, 568–69 (1986).

**¶11**       In addition to proscribing certain conduct by the Visors, the injunctions also prohibited "mak[ing], post[ing] or distribut[ing] comments, letters, faxes, flyers or emails regarding [Hansen or Streeter] to the public" at large. This broad restriction expressly forbidding future speech is a classic example of a prior restraint. *See Alexander v. United States*, 509 U.S. 544, 550 (1993). Prior restraints, which we have characterized as "the most serious and least tolerable infringement on First Amendment rights," carry a heavy presumption of invalidity. *Nash v. Nash*, 232 Ariz. 473, 481–82, ¶ 32, 307 P.3d 40, 48–49 (App. 2013).

**¶12**       A restriction like this based on the content of speech is permissible only if narrowly tailored to achieve a compelling state interest. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Because of the dangers of prior restraints, even content-neutral injunctions should not burden more speech than necessary to serve a significant government interest. *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). Here, the injunctions at issue were not narrowly tailored and were overbroad because they prohibited all public speech regarding Hansen or Streeter.

**¶13**       Hansen and Streeter counter that the Visors' past behavior — targeting individuals associated with the medical providers with "detailed and defamatory statements" — justifies the scope of injunctions. But the injunctions sweep far beyond communications with particular individuals and instead enjoin any public speech about Hansen and Streeter, including for instance internet reviews (even wholly truthful ones) expressing dissatisfaction with treatment or even complaints to regulatory bodies. *See LaFaro*, 203 Ariz. at 487, ¶ 16, 56 P.3d at 61 (holding that injunction against harassment may not restrict political speech). Moreover, although Hansen and Streeter now characterize the Visors' flyers as "defamatory," they

expressly excluded the issue of defamation from consideration in this proceeding, and there is no record determination (judicial or otherwise) regarding the validity of the Visors' statements.

¶14            Although the injunctions included several other provisions permissibly restricting the Visors' conduct, the prohibition against any public speech regarding Hansen or Streeter sweeps well beyond permissible restrictions on time, place, or manner of expression and is thus unconstitutionally overbroad.  Accordingly, we reverse the superior court's ruling affirming the injunctions and, because the permissible conduct restrictions have already expired, vacate the injunctions themselves. Because we reverse on this ground, we need not address the Visors' other arguments for reversal.

¶15            Hansen and Streeter seek an award of attorney's fees and costs on appeal under A.R.S. §§ 12-1809(O) and 12-349(A).  But they have not prevailed, and we decline to award them fees.  As the prevailing parties the Visors are entitled to their costs on appeal subject to compliance with ARCAP 21.

## CONCLUSION

¶16            The superior court's judgment is reversed, and the injunctions against harassment vacated.



Ruth A. Willingham · Clerk of the Court
FILED: ama