NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

Revocable Living Trust of Dona M. Drury

MIRANDA RIDENOUR, et al., *Petitioners/Appellees*,

*v.*

THOMAS A. DRURY, *Respondent/Appellant*.

No. 1 CA-CV 20-0206

FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. PB2019-051899
The Honorable Jane E. McLaughlin, Judge

**AFFIRMED**

COUNSEL

Provident Law, Scottsdale
By Bryan L. Eastin
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1        Thomas A. Drury appeals a superior court ruling finding he was not properly named as successor trustee for the Revocable Living Trust of Dona M. Drury. Because the superior court did not abuse its discretion or otherwise commit legal error, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        At the time of Dona's death, she and Thomas had been married 25 years and had 3 adopted children—Miranda Ridenour, Michael Drury, and Joseph Drury (collectively, the beneficiaries).

¶3        Dona created the trust before she married Thomas, naming herself the initial trustee. The trust names two individuals and Dona's bank as successor trustees. Section 9.2 of the trust further provides:

> In the event no named Successor Trustee is available, a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement shall forthwith name a corporate fiduciary or an individual fiduciary.
>
> If the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement cannot agree on a corporate fiduciary, any beneficiary can petition a court of competent jurisdiction, <u>ex parte</u>, to designate a corporate fiduciary as Successor Trustee.

(Emphasis original.)

¶4        Following Dona's death in January 2018, each of the named successor trustees declined to serve. At some point during the summer of 2018, the beneficiaries learned the named successors declined to serve as trustee. Sometime later, Miranda and Thomas met with a bank official to

review the trust account. Following bank approval, Thomas began administering the trust and distributing payments.

¶5            In July 2019, Miranda and Michael petitioned the superior court to remove Thomas as trustee and order a detailed accounting of the trust. The petition alleged "Thomas was not named as a successor trustee of the trust," and he "utilized Trust assets to pay for his lifestyle, without accounting to Petitioner's for the Trust assets and expenses." The superior court set an evidentiary hearing "to address whether Thomas Drury has the authority to act as the Trustee."

¶6            At the evidentiary hearing, the superior court heard conflicting testimony. Thomas said all three beneficiaries were present at the summer 2018 meeting and each verbally approved his appointment as trustee. Joseph testified Thomas "wanted to have a group meeting about the trust and to tell us that he was elected to be the trustee of the trust." When asked if "both Michael and Miranda participate[d] in this meeting," Joseph responded: "Mike had to go. He had other things to do, but I know Miranda was there."

¶7            For her part, Miranda said Thomas and the beneficiaries discussed having "a dinner where we could all talk about" the trust but it "never happened." She denied consenting to Thomas becoming trustee, explaining she "was not asked if I wanted him to be trustee. I was told he was." Miranda said she objected to Thomas acting as trustee once she "received documents that showed that he was not nominated." Michael's testimony was brief. He denied reviewing the trust with Thomas and said he "didn't make it" to the summer 2018 meeting. Michael was not asked if he named Thomas trustee or consented to Thomas acting as trustee.

¶8            After reviewing a copy of the trust and considering the testimony, the superior court found Joseph's "memory, his ability to relate facts was -- appeared to be less reliable." Because Miranda denied naming Thomas trustee, and both Miranda and Michael denied Michael's presence at the summer 2018 meeting, the superior court found "Thomas Drury was not properly named as the successor trustee." Accordingly, Thomas "does not have authority to act as the successor trustee."

¶9            Thomas moved for a new trial, arguing the petition failed to "allege that [he] was not properly appointed as Trustee or that he lacked authority to act as Trustee." Accordingly, the superior court exceeded its authority by ruling on an issue "not pled and, therefore, not before the court." In the alternative, Thomas argued the evidence did not support the

superior court's ruling. The superior court denied his motion. Thomas timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

## ANALYSIS

¶10 On appeal, Thomas reiterates the arguments he raised in his motion for a new trial. He first argues the superior court erred by holding the evidentiary hearing because Miranda and Michael did not raise this issue in their petition. Though Miranda and Michael did not file an answering brief, we decline to consider their failure to do so as a confession of error. *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

¶11 This court reviews a superior court's decision "to hold an evidentiary hearing for an abuse of discretion." *Duckstein v. Wolf*, 230 Ariz. 227, 233–34, ¶ 19 (App. 2012). Contrary to Thomas's argument, paragraph six of Miranda's and Michael's petition states:

> Thomas was not named as a successor trustee of the Trust. Thomas has not provided, upon request from counsel undersigned, any documentation showing the declination of the named successor trustees to serve, nor his acceptance to serve as the Trustee of the Trust.

¶12 This language plainly challenges Thomas's appointment as trustee. The superior court, therefore, did not abuse its discretion or otherwise commit error by holding the evidentiary hearing to determine "whether Thomas Drury has the authority to act as" trustee. *See id.*

¶13 Thomas next argues Miranda and Michael did not meet their "burden to prove that they did not consent to Thomas'[s] appointment." "In reviewing a trial court's findings of fact, we do not reweigh conflicting evidence or redetermine the preponderance of the evidence, but examine the record only to determine whether substantial evidence exists to support the trial court's action." *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999).

¶14 Here, the superior court reviewed the trust documents and heard testimony from Thomas and the beneficiaries. True, Joseph said the beneficiaries approved Thomas's appointment as trustee. But Joseph also said Michael "had other things to do," suggesting Michael was not present for the summer 2018 meeting and leading the superior court to find Joseph's testimony "less reliable." *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) ("We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence."). Miranda and

Michael each said Michael did not attend the summer 2018 meeting, and Miranda flatly denied naming Thomas trustee.

**¶15**        We cannot, on this record, say the superior court erred in finding Thomas was not named a successor trustee by "a majority of the beneficiaries" as required by section 9.2 of the trust. *See Estate of Pouser*, 193 Ariz. at 579, ¶ 13.

## CONCLUSION

**¶16**        We affirm the superior court's ruling finding Thomas was not properly named as a successor trustee for the Revocable Living Trust of Dona M. Drury.



AMY M. WOOD • Clerk of the Court
FILED:        HB