NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROBERT EVAN WOODHAM, *Petitioner/Appellant*,

*v.*

ROBERT LEE WOODHAM, *Respondent/Appellee*.

No. 1 CA-CV 21-0735 FC
FILED 9-1-2022

Appeal from the Superior Court in Maricopa County
No. FN 2021-001415
The Honorable Casey J. Newcomb, Judge *Pro Tempore*

**APPEAL DISMISSED**

APPEARANCES

Robert Evan Woodham, Protected Address
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which
Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**B R O W N**, Judge:

¶1        Robert Evan Woodham ("Evan") appeals the superior court's
order dismissing an order of protection Evan had obtained against his

father, Robert Lee Woodham ("Lee"). For the following reasons, we dismiss the appeal as moot.

¶2 In April 2021, Evan petitioned for an order of protection against Lee. The same day, the superior court granted the petition and issued a protective order. In July, Lee requested a hearing to contest the order. On November 1, the court scheduled the hearing for three days later. Evan moved to continue the hearing, asserting in part that he lived in Utah and thus needed more time to both travel to Arizona and prepare his case.

¶3 Evan failed to appear at the scheduled hearing. After noting that the motion to continue was improperly submitted, the court directed the clerk of the court to file it. The court then denied the motion and proceeded to dismiss the order of protection, explaining that Evan "failed to present evidence in support of his Petition." Evan timely filed a notice of appeal, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(b). *See Moreno v. Beltran*, 250 Ariz. 379, 382, ¶¶ 11–12 (App. 2020) (noting that "an order of protection is an injunction appealable under A.R.S. § 12-2101(A)(5)(b)" and does not require a certification of finality).

¶4 Evan argues the superior court improperly denied his motion to continue, suggesting the court should be ordered to reconsider its decision. Although Lee did not file an answering brief, in our discretion we decline to treat that failure as a confession of error. *Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012). But Evan has not explained how this court can grant him the relief he is seeking. He served Lee with the protective order on April 19, 2021, which means the order would have expired at the latest on April 19, 2022. *See* A.R.S. § 13-3602(N) ("An order [of protection] expires one year after service on the defendant."); *see also* Ariz. R. Protect. Ord. P. 31(j). Thus, the issue Evan raises on appeal is moot. *Cardoso*, 230 Ariz. at 617, ¶ 5. ("[G]enerally, we will dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties.").

¶5 In our discretion, we may consider an otherwise moot appeal if it presents "an issue of great public importance or one capable of repetition yet evading review." *Id.* These exceptions to mootness do not apply here, where Evan's arguments are narrowly tied to the specific facts of his case. *See id.* at 617, ¶¶ 6–7. We may also consider an otherwise moot appeal "if the consequences of that order will continue to affect a party," under the collateral consequences doctrine. *Id.* at 617, ¶ 9. When a party appeals an order granting or continuing an order of protection against himself, we typically decline to dismiss the appeal as moot because expired

protective orders continue to have "significant collateral legal and reputational consequences." *Id.* at 617–19, ¶¶ 9–14. The *dismissal* of an order of protection, however, does not carry the same legal or reputational consequences for either party. *Id.* Nor has Evan claimed that he would be precluded from seeking a new order of protection if supported by appropriate evidence. Accordingly, Evan's appeal is dismissed.

