NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

COLEEN HODGES, *Petitioner/Appellee*,

*v.*

SCOTT HODGES, *Respondent/Appellant*.

No. 1 CA-CV 22-0362 FC
FILED 2-2-2023

Appeal from the Superior Court in Maricopa County
No.  FC2022-050379
The Honorable John R. Doody, Judge *Pro Tempore*

**VACATED**

COUNSEL

Burns Nickerson & Taylor PLC, Phoenix
By Darius M. Nickerson VI
*Counsel for Petitioner/Appellee*

MayesTelles PLLC, Phoenix
By Kaitlin DiMaggio
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1 Scott Hodges ("Father") appeals the superior court's decision to affirm an order of protection ("the Order") for Coleen Hodges ("Mother") against Father. He argues the court violated his due process rights because it deprived him of a full and fair hearing, allowed Mother to testify about events outside the petition, exhibited bias in favor of Mother, and improperly imposed a firearm restriction. Father asks that we dismiss the Order or, alternatively, remand for a full and fair hearing on the merits of Mother's petition. For the following reasons, we vacate the Order.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Father and Mother were married for nine years until their divorce in 2018 and share joint custody of their two children. Father is a firefighter and Mother is a nurse. On February 14, 2022, Mother petitioned for the Order, alleging three instances of misconduct: (1) on January 22, 2022, Father had law enforcement conduct a welfare check on Mother's home; (2) that same night, Father attempted to break into her home; and (3) on February 13, 2022, Father trespassed onto her property and picked up the children two hours before his visitation time. Mother also alleged that Father exhibited physical and verbal aggression in the past. Mother requested Father be ordered to stay away from her residence, workplace, and the children's school, but she did not request a firearms restriction.

¶3 At Father's request, the court held a hearing on April 13 regarding the Order. The court gave each party 15 minutes to present its case, stating these are "simple, straightforward matters," and informed the parties that although there would not likely be time for witnesses, they would be called if needed.

¶4 Over Father's objections, the court ruled that Mother could "testify generally about . . . why she left and what she experienced" before she testified about the specific incidents in her petition. Mother described Father's "violent tendencies" and abusive behaviors, the three incidents

2

alleged in her petition, and a conversation between Father and her boyfriend when she was not present.

¶5        Mother explained that on January 22, per Father's request, a law enforcement officer conducted a welfare check on her home. She claimed that, later that night, someone tried to forcefully open her front door two times. She was "100 percent" certain the intruder was Father. She then testified that on February 13, Father "trespassed" onto her property when she was not home and took the children two hours before his visitation time.

¶6        The court gave each party an additional ten minutes to present testimony and conduct cross-examination. Father testified that he called for a welfare check "to make sure that the kids were safe and sound." He was concerned that his children were sleeping in a one-room place with Mother's boyfriend. Father denied going to Mother's home that night. He asserted he was working—approximately 45 minutes to an hour away from Mother's home—when the alleged trespass occurred. He also presented evidence from a public computer-aided dispatch record that he was on duty and a letter from his co-workers stating he was on call that night.

¶7        At the conclusion of the hearing, the court affirmed the Order, finding Father's behavior was "clearly overbearing" and "constitutes harassment." The court found that Father trespassed onto Mother's property when he took the children before his scheduled visitation time on February 13, and that the trespass amounted to an act of domestic violence. The court then invoked a firearms restriction pursuant to the *Brady* federal law, 18 U.S.C. § 922(g)(8), which prevented Father from purchasing or possessing firearms for 12 months following service of the Order.

¶8        On appeal, Father argues the court violated his due process rights by: failing to provide him with a fair opportunity to present evidence and witnesses; allowing Mother to testify to matters outside of the petition and outside of the one-year time bar; and exhibiting bias in favor of Mother. Father also argues the court abused its discretion by invoking a firearm restriction when there was no evidence that he posed a credible threat of harm to Mother and affirming the Order when no articulable act of domestic violence occurred. He asks us to dismiss the Order or, alternatively, remand for a proper hearing on the merits. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(3).

## DISCUSSION

### I. The Order

**¶9** The superior court may issue an order of protection if it finds "reasonable cause" to believe "[t]he defendant may commit an act of domestic violence," or "[t]he defendant has committed an act of violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period of time." A.R.S. § 13-3602(E)(1)–(2). We review an order of protection for an abuse of discretion. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶¶ 15–16 (App. 2012). The superior court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012) (quotations omitted). The rules concerning orders of protection require specificity in both the allegations and determinations relating to domestic violence. *See Mahar*, 230 Ariz. at 536–37, ¶ 20 (citing A.R.S. § 13-3602(C)(3)) (petition must include the "specific statement, including dates, of the domestic violence alleged"). We examine only the evidence and findings surrounding the specific incidents alleged in Mother's petition.

**¶10** The court found reasonable cause to believe Father "has committed an act of domestic violence against [Mother] within the last year, or may commit an act of domestic violence in the future, as stated on the record." In a later minute entry, the court detailed its finding that Father "committed two acts of domestic violence against [Mother]: (1) [Father's] act of calling the sheriff to do a 'welfare check' in the middle of the night was unjustified as to time and cause and constituted harassment. Likewise, (2) [Father's] brazen act of coming onto [Mother's] property without [Mother's] permission to unilaterally take the children constituted a trespass."

**¶11** But the record is devoid of competent evidence supporting the court's finding of *criminal* trespass, *see Mahar*, 230 Ariz. at 534, ¶ 14, and the court failed to articulate the basis on which it found a *criminal* trespass, *see* A.R.S. § 13-3601(A) (criminal trespass is an act of domestic violence sufficient to issue an order of protection). "A person commits criminal trespass in the third degree by: [k]nowingly entering or remaining unlawfully on real property after a reasonable request to leave by a law enforcement officer, the owner or any other person having lawful control over such property, or reasonable notice prohibiting entry." A.R.S. § 13-1502(A)(1). The record does not support a finding of either "a reasonable

4

request to leave" or "reasonable notice prohibiting entry." And the court explicitly rejected as inconclusive the conflicting testimony about the January 22 break-in attempt. The court's finding that Father committed a criminal trespass lacks evidentiary support.

**¶12** The record is also devoid of any evidence supporting the court's finding that Father's request for a welfare check constituted harassment toward Mother, or that an articulable act of domestic violence occurred because of this request. *See* A.R.S. § 12-1809(T)(1)(a) ("Harassment" under § 12-1809 means a "*series of acts* over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose.") (emphasis added). "[A] single incident is insufficient to support a finding of harassment, which requires a minimum of two incidents." *Wood v. Abril*, 244 Ariz. 436, 438, ¶ 10 (App. 2018). A single welfare check under these factual circumstances is not sufficient to support an order of protection. Mother invited her boyfriend to sleep in the same room as the children and refused to respond to Father's texts when he attempted to check on them. The court abused its discretion in finding the welfare check constituted an act of domestic violence.

**¶13** The record does not support either of the court's conclusions regarding instances of domestic violence. There is, therefore, no basis to uphold the Order.

## II. The Firearms Restriction

**¶14** The court also erred by including a firearms restriction. A court may prohibit the defendant's possession of firearms in an order of protection. *See* A.R.S. § 13-3602(G)(4); *see also Mahar*, 230 Ariz. at 534, ¶ 15. But an order of protection triggers a firearms restriction under the federal Gun Control Act "only if the order 'includes a finding that [the] person represents a credible threat to the physical safety'" of the protected person. *Mahar*, 230 Ariz. at 534, ¶ 15 (quoting 18 U.S.C. § 922(g)(8)(c)(i)).

**¶15** Before an Arizona court may restrict the possession of firearms or ammunition, the judicial officer must "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons." Ariz. R. Prot. Order P. 23(i)(1). Only "[u]pon finding that the defendant is a credible threat to the physical safety of the

plaintiff" can the judicial officer "prohibit the defendant from possessing, purchasing, or receiving firearms." *Id.* at (i)(2)(A).

¶16 The record contains no evidence that the court made any inquiry as to Father's use of or access to weapons or firearms. "[O]rders concerning firearms should be based on a court's assessment of credible threats of physical harm by the specific person whose rights should be affected by the order." *Mahar*, 230 Ariz. at 536, ¶ 20. A restriction against firearms does not automatically follow an order of protection. *See id.* at 535, ¶ 19. A firearms restriction unsupported by the requisite inquiries must be vacated. *See Savord v. Morton*, 235 Ariz. 256, 260, ¶ 23 (2014).

## ATTORNEYS' FEES

¶17 Mother requests her attorneys' fees on appeal, but she is not the successful party. We decline to award her fees. *See* Ariz. R. Prot. Order P. 39; A.R.S. § 12-342.

## CONCLUSION

¶18 We vacate the Order.

