NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GREGORY REAL ESTATE AND
MANAGEMENT LLC, *Plaintiff/Appellant*,

*v.*

MILES M. KEEGAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0419

FILED 03-30-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-007629
The Honorable Christopher A. Coury, Judge

**APPEAL DISMISSED AS MOOT**

COUNSEL

Law Office of Brian K. Stanley, Phoenix
By Brian K. Stanley
*Counsel for Plaintiff/Appellant*

Snell & Wilmer L.L.P., Phoenix
By Brett W. Johnson, Colin P. Ahler, Tracy A. Olson, Ian R. Joyce
*Co-Counsel for Defendant/Appellee Governor Douglas A. Ducey*

Arizona Governor's Office, Phoenix
By Anni L. Foster, Nicole Ong Colyer
*Co-Counsel for Defendant/Appellee Governor Douglas A. Ducey*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1          Gregory Real Estate and Management LLC brings this appeal challenging the constitutionality of Executive Orders 2020-14 and 2020-49, issued by Governor Douglas Ducey, which restrict enforcement of certain residential evictions. We dismiss the appeal as moot because the executive orders have expired and "our action as a reviewing court will have no effect on the parties." *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012).

**FACTUAL AND PROCEDURAL HISTORY**

¶2          In March 2020, the Governor issued Executive Order 2020-14 (the first order), temporarily delaying enforcement of residential eviction actions under specific conditions. As relevant here, the first order granted eviction relief to tenants who could show they "suffered a substantial loss of income" because of the COVID-19 pandemic. *See* Exec. Order No. 2020-14. On its face, the first order expired in July 2020. *Id.* Shortly before the first order was to expire, the Governor issued Executive Order 2020-49 (the second order) extending the eviction moratorium until October 31, 2020. The Governor has not extended the eviction moratorium further, and both orders now have lapsed.

¶3          In May 2020, Gregory brought an eviction action in Hassayampa Justice Court. After a trial, the justice court issued a judgment awarding Gregory "immediate possession of the subject premises," and $3,954.80 in past-due rent and fees. When the tenants did not surrender the property, Gregory sought a writ of restitution. Following arguments, the justice court found the tenants had shown "a significant loss of income due to Covid-19 in accordance with" the first order. Accordingly, the justice court stayed the writ "until the last day of the [first] order . . . or until the [tenants'] income has been restored, whichever comes first." The stay explicitly ordered execution of the writ "on the earlier possible date."

¶4          On July 2, 2020, Gregory filed a special action in the superior court challenging the first order's constitutionality and seeking an order

compelling the justice court to "forthwith issue and deliver to the Constable of their precinct . . . the writ of restitution." On July 22, 2020, the superior court entered judgment rejecting each of Gregory's constitutional challenges. Gregory timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, A.R.S. § 12-2101.A.1, and Ariz. R.P. Spec. Act. 8(a).

**ANALYSIS**

**¶5**        On appeal, Gregory asks this court to vacate the superior court's judgment and direct the justice court to lift its stay and issue the writ of restitution. But that relief is no longer necessary—the justice court's stay expired on its own terms on October 31, 2020.

**¶6**        "A question is moot if it seeks to determine an abstract problem which does not arise upon existing facts or rights." *Mueller v. City of Phoenix ex rel. Phx. Bd. of Adjustment II*, 102 Ariz. 575, 583 (1967). Long-standing Arizona Supreme Court precedent directs courts to "refrain from considering" such questions unless they raise an issue "of great public importance or one which is likely to recur." *See Fraternal Ord. of Police Lodge 2 v. Phx. Emp. Rels. Bd.*, 133 Ariz. 126, 127 (1982). Gregory's reply brief invites this court to exercise our discretion and apply these exceptions to reach the merits of its appeal. We decline the invitation.

**¶7**        Though we recognize the potential interest in the issues raised by Gregory's appeal, "[i]t is not an appellate court's function to declare principles of law which cannot have any practical effect in settling the rights of litigants." *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985). "Nor [does this court] act as a fountain of legal advice." *Contempo–Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985). The executive orders Gregory challenges expired long ago. So too the justice court's stay. Put simply, the passage of time has given Gregory the relief it sought by court order.

**¶8**        Further, "nothing in the record before us suggests" the Governor will issue a third eviction moratorium. *See Cardoso*, 230 Ariz. at 617, ¶ 8. In fact, there is no reason for the Governor to take such action. The Centers for Disease Control has issued its own independent, eviction moratorium. *See* 86 Fed. Reg. 8020-01 (Feb. 3, 2021). And the trend in Arizona has been to lift, rather than reimpose, limitations. *See* Exec. Order No. 2021-06 (rescinding several COVID-19 based restrictions).

**¶9**        Finally, judicial restraint is fundamental when—as here—any opinion by this court could unnecessarily constrain another branch of

government in areas of public policy. *See* Ariz. Const. art. III ("[E]xcept as provided in this constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.").

## ATTORNEY FEES ON APPEAL

**¶10** Gregory seeks its attorney fees and costs on appeal under Arizona Rule of Procedure for Special Actions 4(g) and ARCAP 21. Because the appeal is moot, we exercise our discretion and deny the request.

## CONCLUSION

**¶11** Gregory's appeal is dismissed as moot.



AMY M. WOOD • Clerk of the Court
FILED:        HB